UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAYTONIA CARTER                                              CIVIL ACTION

VERSUS                                                       NO. 11-125-JJB

ZURICH AMERICA INSURANCE
COMPANY, ET AL.

# RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the court on a motion for summary judgment (doc. 6) filed by defendants. Plaintiff has filed an opposition. Defendants have filed a reply brief. There is no need for oral argument.

For purposes of summary judgment, there is no genuine dispute to the following facts. Plaintiff Laytonia Carter slipped in some water while shopping in one of defendant Academy's stores in Baton Rouge. The incident happened as she was walking down an aisle toward a carpeted area where two Academy employees were standing talking and facing the walkway. As she drew even with them, she slipped and fell in "a sizable water puddle."

Under Louisiana's "slip and fall statute" (La. R.S. §9:2800.6), plaintiff must establish the following elements of her claim:

(1) the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;

(2) The merchant either created or had actual or constructive notice of

the condition which caused the damage, prior to the occurrence; and

(3) The merchant failed to exercise reasonable care.

In this case, there is no evidence of actual knowledge and plaintiff is therefore required to prove "constructive notice." Under the terms of Section 2800.6(C)(2), "the presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice." The cases cited by defendants establish that the plaintiff must come forward with "positive evidence" to show the condition existed for some period of time and such time was sufficient to place the merchant defendant on notice of its existence. *White v. Wal-Mart, Inc.*, 699 So.2d 1081 (La. 1997).

Ms. Carter's proof consists of her testimony that she was walking down an aisle toward two employees who were standing adjacent to the aisle, talking and facing the aisle. There was no one else in the aisle as she approached the two employees. When she came even with the employees, she slipped and fell. After she fell, her pants were wet. An incident report notes that there was "a sizable water puddle" where she fell. Ms. Carter estimates that it took her 20-25 seconds to get down the aisle and that the employees had been standing there during this time frame. As there were no other customers in that part of the aisle, plaintiff contends that the puddle must have been there for at least that time period. On the other hand, there is no direct evidence that the employees actually saw the puddle. Indeed, there is evidence that Kevin Cupit, who was serving as store manage, had

inspected the area a few minutes prior to the accident and did not see any water or other substance on the floor.

The first question is whether plaintiff has some positive evidence of the temporal element. The court finds that plaintiff has produced "some evidence" of the temporal element, albeit less than a minute. The next question is whether the 25 second time frame was long enough under the circumstances of this case to place the merchant defendant on notice. It has been said that the question of whether the period of time is sufficiently lengthy that the merchant should have discovered the condition is necessarily a fact question. *White* at 1084. The court likewise concludes that undisputed facts of this case render summary judgment inappropriate. The court agrees with plaintiff that established facts in this case are sufficient to distinguish this case from the cases cited by defendant.[1]

As to the claims against defendant Danny Fletcher, the court notes that this case was removed from state court on the basis that Fletcher was "fraudulently joined" to defeat removal jurisdiction. The record supports a finding that Fletcher was fraudulently joined. Consequently, the court has no jurisdiction over the claims against him and his presence will be "ignored."

---

[1] In most of these cases, there was no evidence of the temporal element and/or the store employees were further away and/or they were engaged in some task. E.g., *Babin v. Winn-Dixie Louisiana, Inc.*, 764 So.2d 37 (La. 2000); *Kennedy v. Wal-Mart Stores, Inc.*, 733 So.2d 1188 (La. 1999); and *Cohen v. Brookshire Brothers, Inc.*, 887 So.2d 681 (La. App. 3 Cir. 2004). In *Wright v. SCC Service Solutions, Inc.*, 968 So.2d 759 (La. App. 5th Cir. 2007), there was no showing that the defendant was responsible for cleaning the area where the plaintiff fell.

3

Accordingly, the motion for summary judgment (doc. 6) is DENIED. The court will not exercise jurisdiction over the claims against Fletcher.

Baton Rouge, Louisiana, <u>February 29, 2012</u>.

_____
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA

4

Case 3:11-cv-00125-JJB -CN   Document 12   03/01/12   Page 4 of 4